**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Gus CARRATT, Defendant.**

**Civ. No. 2579.**

United States District Court
S. D. Florida,
Tampa Division.

Feb. 10, 1956.

Stuart Rothman, U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, F. Marshall Neilson, Birmingham, Ala., for plaintiff.

Louis M. Jepeway, Miami, Fla., Ralph L. Rousseau, Jr., Tampa, Fla., for defendant.

WHITEHURST, District Judge.

This Cause coming on to be heard upon Motions for Summary Judgment upon behalf of both plaintiff and defendant, and the Court having heard argument of counsel for the respective parties hereto, and being fully advised in the premises, and it appearing to the Court that the gross revenues taken in by defendant from the sale of bus tickets are not properly includable in defendant's "annual dollar volume of sales of goods or services", as set forth in Section 13(a)(2) of the Fair Labor Standards Act of 1938, as Amended (Title 29 U.S.C. § 213(a)(2)) for the reason that the excess of said ticket revenues over defendant's commission thereon is not revenue to defendant but to a bus company, the Court, therefore, finds:

(1) That defendant's annual dollar volume of sales of goods or services is made up of defendant's gross receipts from his restaurant business, plus his commissions on bus ticket sales;  and

(2) That there is no substantial question of fact that the sales made in defendant's restaurant business are not for resale, are recognized as retail in the

11.   Hoskins v. United States, 6 Cir., 251 F.2d 51.

particular industry, and are made wholly within the State of Florida, and it further appears from defendant's uncontradicted affidavit that said sales produced in excess of 75 per cent of defendant's annual dollar volume of sales of goods or services as above defined, and that defendant's establishment is, therefore, exempt from the minimum wage and hour provisions of the Fair Labor Standards Act of 1938, as amended.

It is, therefore

Ordered that plaintiff's Motion for Summary Judgment be, and the same hereby is, denied, and that defendant's Motion for Summary Judgment be, and the same hereby is, granted, and that the Clerk of the Court shall enter a judgment herein for the defendant.