Duane SCHMIDT, Plaintiff,

v.

J. W. RANDALL, dba The Buckman Hotel, Defendant.

Civ. No. 1899.

United States District Court
D. Minnesota,
Fifth Division.

March 13, 1958.

Dennis F. Donovan, Duluth, Minn., for plaintiff.

John E. Simonett, Little Falls, Minn., for defendant.

Donald F. Pratt, Minneapolis, Minn., for Minnesota Hotel Association. Stuart Rothman, Washington, D. C., Herman Grant, Chicago, Ill., amici curiae.

DEVITT, District Judge.

The plaintiff brings this action to recover certain sums of money representing unpaid earnings which he claims he was entitled to under the Fair Labor Standards Act for portions of the years 1954 and 1956, and all of 1955. In addition, he seeks an equal amount as liquidated damages as provided for in 29 U.S.C.A. § 216.

The plaintiff was employed at the defendant's hotel in Little Falls, Minnesota during the years here involved. In addition to room rentals, the hotel provided bar and restaurant facilities. The hotel also served as a bus depot for the Northland Greyhound Lines or its subsidiary Central Greyhound Lines. The greater part of plaintiff's time was occupied in performing services which were directly connected with the bus depot portion of defendant's business. The agreement between the bus company and the defendant provided that defendant was to keep the receipts from the sale of bus tickets in his custody for the bus company and upon demand would turn them over, retaining a 10% commission as compensation. Defendant agreed, among other things, to provide certain facilities to bus patrons.

The case is presently before the court on cross-motions of the parties for summary judgment; they have stipulated that there is no genuine issue as to any material fact. The sole issue is whether, under the facts, defendant is subject to the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The plaintiff contends that defendant was subject to the Act at the times involved because a majority of the plaintiff's time was spent in work directly connected with interstate commerce.

The defendant claims to be exempt from the terms of the Act because of the provisions of 29 U.S.C.A. § 213(a) (2) which provides that the minimum wages and maximum hours provisions shall not apply to:

"any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry."

The difficulty here arises over the amount to be included from the sale of the bus tickets in making the computation. If, as the plaintiff claims, the total amount received from the sale of each ticket is to be included in the defendant's annual dollar volume, then since the sale of bus tickets is not considered a retail sale or service, less than 75% of the defendant's dollar volume for each of the years in question constituted retail sales or services and thus the defendant does not qualify for the retail or service establishment exemption. If, as the defendant

contends, only the actual commission received by him is to be included, then substantially more than 75% of the defendant's annual dollar volume constitutes retail sales or services and he qualifies for the exemption.

The only decision on this question cited by the parties is an unreported case from the federal court in Florida. In that case, Mitchell v. Carratt, D.C.S.D.Fla., 160 F.Supp. 261, the court held that only the defendant's commissions on the sale of bus tickets was properly included in determining the defendant's annual dollar volume of goods for purposes of the exemptions contained in Section 213(a) (2). The language used by the Administrator in the Regulations suggests the same result. At 29 CFR 779.13 the Administrator states that where these bus ticket sales by a hotel are involved, "*The gross receipts derived by establishment* from such activities" [emphasis added] are to be used in determining the exemption. The choice of this language suggests to the court that something less than the total amount received for the tickets is to be included. The plaintiff advances the argument that what the defendant is trying to do is to include only the profit from the transactions; this does not appear to be the case. The defendant receives a commission for selling these tickets. From this he must pay his operating expenses. These expenses include a portion of the plaintiff's salary. To include the total amount received from the sale of tickets would present an unrealistic picture of the defendant's business. I conclude that only the 10% commission is to be used in computing the defendant's status under the retail or service exemption.

Since more than 75% of the defendant's annual dollar volume is recognized as retail sales or services in the industry, and more than 50% is made within the state wherein the establishment is located, the defendant falls within the scope of the exemption contained in Section 213(a) (2).

 The plaintiff urges that where a majority of the employee's time is spent in work directly connected with interstate commerce, the exemption provisions have no application, and the employer is subject to the provisions of the Act. However, both the decisions of the courts [1] and the Interpretative Bulletin issued by the Wage and Hour Administrator [2] are adverse to this position.

The defendant's motion for summary judgment is granted, and the plaintiff's similar motion is denied.

1. Browning v. Max Biederman, Inc., D.C. S.D.W.Va., 120 F.Supp. 313; See also Boisseau v. Mitchell, 5 Cir., 218 F.2d 734.

2. 29 Code of Federal Regulations, Sec. 799.13.